JOSEPH H. FUNK et al., Respondents, v. CLEMENTINE THOMASSON et al., Defendants, O. H. AVERY et al., Appellants.

St. Louis Court of Appeals, May 8, 1900.

1. **Bill of Interpleader, What it Should State:** EQUITY. In order to justify the sustentation as such, a bill of interpleader should show that there is some doubt in point of fact to which of the rival claimants the admitted debt or duty belongs. It should show also a color of right derived from a common source in the respective claimants, but it should not show a clear title in either against the other. It should satisfy the court that the debtor is a mere stakeholder and entitled before payment to the protection of equity in enforcing a settlement of the opposing claim.

2. ———: PRACTICE, TRIAL: PRACTICE, APPELLATE. The petition in the case at bar by a reasonable intendment, which is the standard applicable to its averments, since no demurrer or motion to make more definite and certain was interposed, alleges all of the substantive facts of a bill of interpleader.

Appeal from the Lincoln Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

AFFIRMED.

*Chas. Martin* and *O. H. Avery* for appellants.

(1) In the interpleader's petition the allegation is that appellants exhibited to him and demanded payment of what purported to be the note executed by him. In his evidence he says he refused to pay this note because it was not the note he had signed; that the note he signed was in Magruder's handwriting and the note presented was not. "It imitates my handwriting, but I don't know whether it is or not. I told him (Martin) I would not pay it because I didn't believe it was the note I had signed to Mrs. Thomasson." In his deposition taken after this suit was commenced, when the note held by appellants was presented to him and he was asked if that was the note he had given Mrs. Thomasson, he answered, "No, sir; I think not." On the trial of the case he testified that he did not believe when he brought the suit that the note held by appellants was the note he had given Mrs. Thomasson. (2) From the interpleader's petition and from all his evidence there can not be found a single admission or statement in which he has recognized any right whatever of appellants to the note he gave to Clementine Thomasson, but on the contrary everything he has said or alleged shows that he repudiates any liability to them. From all that he has said he may still dispute appellants' claim to the note. A bill of interpleader can not be maintained unless title is admitted in at least two claimants. Story's Equity, sec. 821; Barker v. Swain, 4 Jones Eq., N. C. 220. Shaw v. Coster, 8 Paige 339. Nor unless he gives color of title or right in each. Robards v. Clayton, 49 Mo. App. 608. (3) There was and is no serious doubt in the mind of the

interpleader as to appellants' right to the note he had given
Mrs. Thomasson. The note they held was not the note he
had signed and hence they had no claim to the money.
Gleason v. Priest, 29 Mo. App. 1. The interpleader in
this case like the interpleader in the case of Christian v. Ins.
Co., 62 Mo. App. 35, from start to finish has denied his
liability on the note held by appellants, but still asks for an
additional allowance.

*George W. Colbert, W. H. Jackson* and *W. A. Dudley*
for respondents.

(1) This court will defer to the findings of the trial
court unless some cogent reasons exist for a departure from
the rule. Mathias v. O'Neil, 94 Mo. 520; Robertson et al.
v. Reed et al., 38 Mo. App. 32; Bank v. Koeln, 60 Mo. App.
79. And where all the evidence is preserved, the court will
examine it, and affirm the judgment, if right, disregarding
errors, if any, committed at the trial. Estes v. Fry, 94 Mo.
266; Taylor v. Cayce, 97 Mo. 242. (2) The petition is a
good bill of interpleader. Sullivan v. Knight & Co., 73 Mo.
App. 43; Robards v. Clayton, 49 Mo. App. 608; Loan Asso-
ciation v. Joy, 56 Mo. App. 433; Glaser v. Priest, 29 Mo.
App. 1; Roselle v. Bank, 119 Mo. 87; Story, Equity Plead-
ing (8 Ed.), sec. 291 and note. And if it were true that
the bill does not with sufficient exactness show appellants'
possession of the note, it shows apparent possession and their
assertion of ownership. This was cured by the failure of
appellants to take advantage of the alleged defect in the
proper way. Marshall v. Ferguson, 78 Mo. App. 645. It
was further cured by the answer which alleges with more
exactness than the petition that appellants were in posses-
sion of the original Thomasson note and exhibited the same
to respondents and claim to be the owners thereof. (3) The
indifference which must characterize the attitude of the

Funk v. Avery.

petitioner in a bill of interpleader has nothing to do with his sentiments or opinions but relates entirely to his interest in a substantial pecuniary way in the result of the contest between the claimants.

BOND, J.—This is a proceeding for an interpleader filed by the makers of a note for $1,000, dated fourth day of December, 1890, with interest from date, payable in five years thereafter, and subsequently extended for three years, so that it matured December 4, 1898, at which time there was a balance due on the note of about $903.40, which was paid into court when this petition was filed. It is alleged in substance in the petition that two of the defendants set up title to the note as assignees for value, and demanded its proceeds from plaintiffs, and that the other defendant, the original payee of the note, claimed to be "still the owner," and that she had not parted with title thereto, and was demanding payment and threatening suit. The petition further disclaims interest in plaintiffs; avers that they do not know the fact as to the ownership of the rival claimants, prays to have them made parties, and for an order of interpleader as to their respective rights and claims. The holders of the note answered averring their legal ownership and right to its proceeds as assignees for value, and charging that the petition for interpleader was not filed in good faith, but merely to obtain an allowance of costs. The original payee of the note answered admitting the execution of the note to her, stating that she did not know of her own knowledge whether or not this genuine note was in possession of the other two claimants, admitting that she notified plaintiffs that she was still the owner of the note and that she demanded payment thereof, and alleging further that she was still the owner and denying any right or title to said note in the other two defendants and praying for an award to her of the sum due thereon.

After hearing the testimony the court decreed an interpleader, from which the two holders of the note have appealed to this court, and assign for error, first, that the petition does not state a cause of action; secondly, that the decree is unsupported by the evidence.

We are unable to concur in either of these positions. The proceeding in question is strictly equitable in its nature. The rule authorizing it has been stated by us in the following terms: "In order to justify the sustentation as such, a bill of interpleader should show that there is some doubt in point of fact to which of the rival claimants the admitted debt or duty belongs. It should, show also a color of right derived from a common source in the respective claimants, but it should not show a clear title in either against the other. It should satisfy the court that the debtor is a mere stakeholder and entitled before payment to the protection of equity in enforcing a settlement of the opposing claims." Sullivan v. Knights of Father Matthew, 73 Mo. App. loc. cit. 45, and cases cited. The petition in this case by a reasonable intendment, which is the standard applicable to its averments, since no demurrer or motion to make more definite and certain was interposed, alleges a valid doubt in fact as to the ownership of the note; that the rival claimants have each a color of ownership, one set acquiring it from the *prima facie* effect of possession of the instrument, the other claimant basing her claim upon an averment that she had never parted with the title to the note, but that it still belonged to her. The petition does not show a clear and absolute title in either. It also shows a common source of the indebtedness to which their claims are made, and that the debtor has no other interest than to pay the sum in dispute to the rightful owner. Clearly, therefore, the court did not err in overruling the objection to the petition made for the first time by a motion during the trial to exclude testimony. Marshall v. Ferguson, 78 Mo. App. loc. cit. 650, and cases

cited. Neither does a careful examination of the testimony set forth in the two abstracts convince us that the preponderance of the evidence is against the finding of the chancellor. Both plaintiffs and the original payee testified in substance to the allegations contained in the petition, and also that the original payee did not indorse the note when it left her possession, as she states, without any consideration. While, of course, this would not prevent the acquisition of title to the note by parties who acquired it for value and without notice, still it might create just doubts in the mind of the payor as to the ownership of the note, in the absence of full knowledge on his part of the circumstances attending its obtention by the holders. So that taking all the evidence we are not prepared to say that the learned chancellor disregarded its probative effect in his conclusion in favor of sustaining the order to interplead.

We are requested to make a further allowance in this case to cover the costs of this appeal. We prefer to leave questions of allowance to the discretion of the trial court. The judgment is affirmed, and the cause remanded for further proceedings. Judge *Bland* concurs; Judge *Biggs* absent.