THE STATE ex rel. MUTUAL AID UNION v. WILLIAM H. ALLEN et al., Judges of St. Louis Court of Appeals.

Division One, April 6, 1923.

INTERPLEADER: Good Faith. It is not the law that an insurance company, in order to be entitled to interplead, must have had no part in bringing about any conflicting claims to the fund. The law is stated in Little v. Union Trust Company, 197 Mo. 281, which is that where the question which of different beneficiaries is entitled to be paid the amount due on an insurance policy is a serious one, it is the duty of the insurance company, being a trustee of the fund and holding it for whosoever is entitled to

it, to give those who are in a fiduciary relation to it information of their rights, and if it acts in good faith and impartially in so doing, although it brings about a conflict among them for the fund, it is entitled, when sued by one of them, to pay the fund into court and to ask that such conflicting claimants be compelled to interplead for it.

### *Certiorari.*

OPINION OF COURT OF APPEALS QUASHED.

*F. H. Bacon* for relator.

(1)  A stakeholder, when demands are made upon him by different claimants for a debt, which he does not deny owing and which he is willing and ready to pay, has the right to bring a suit of interpleader.  Roselle v. Farmers Bank, 119 Mo. 8.  (2)  The relator had the right to bring in the administrator of Dowd when it became apparent that a complete discharge from liability could not be had without his being a party.  (a)  Under the statute relating to assessment companies, R. S. 1919, sec. 6161, a policy of such a company issued to a beneficiary having no insurable interest is void and an assignment of a policy, or certificate, to a person having no insurable interest is void.  The interplea of Ada Sullivan charged that the plaintiff Goggin had no insurable interest.  The petition of Goggin disclosed no insurable interest.  The interplea of Sullivan showed that she was a creditor.  Consequently if the plaintiff Goggin could not recover the full amount in court, either because she had no insurable interest or because her debt was less than the fund in court, and if Sullivan could not recover the full amount in court for the same reason, it would follow that the fund or part of it would go to the administrator.  Certainly the difference between the debt of either claimant who recovered and the amount of the fund in court would go to the administrator.  First Savings Bank v. Ins. Co., 283 Mo. 336; Strode v. Meyer Bros. Drug Co., 101 Mo. App. 627; Tripp v. Jordan, 177 Mo.

App. 339.   (b) Under these circumstances if the administrator had not been made a party one might have been later appointed and bring suit on the certificate and recover.   Consequently it was absolutely necessary that he be made a party to the suit.   The company had the right to take all necessary steps for this purpose.   (3) In thus bringing in the administrator there could be no collusion. Little v. Union Trust Co., 197 Mo. 291. In holding, as the Court of Appeals did, that bringing in this necessary party amounted to collusion the opinion was directly in conflict with the rule laid down by this court which only required the stakeholder to be "impartial in so far as his conduct may influence the judgment to be ultimately rendered between the conflicting claimants."   (3) The Court of Appeals in its opinion lays down certain requirements for a bill of interpleader and what allegations are necessary to entitle the stakeholder for relief. In this the opinion is in direct conflict with the rules laid down by this court in the case of Little v. Union Trust Co , 197 Mo. 292.   The opinion of the Court of Appeals holds that the stakeholder must be mentally, spiritually and physically indifferent between the parties until the suit is finally disposed of.   If after conflicting claims are made and he applies to the court for relief and pays the money into court, still if in any way he has anything to do with either of the claimants, or if he takes any steps whatever to bring in a necessary party for his own protection he is guilty of collusion and fraud.   The court in its opinion says that the right of interpleader cannot be maintained because counsel brought about one of the conflicting claims.   Roselle v. Farmers' Bank, 119 Mo. 84.

*N. M. Edwards* and *McLaran & Garesche* for respondents.

(1)   On *certiorari* it is not the province of the Supreme Court to determine whether the Court of Appeals erred in its application of rules of law to the facts stated in its opinion, but only whether upon those facts it an-

nounced some conclusion of law contrary to the last previous ruling of the Supreme Court on the same or a similar state of facts. State ex rel. Calhoun v. Reynolds, 233 S. W. 483; State ex rel. American Packing Co. v. Reynolds, 287 Mo. 697; State ex rel. Chicago v. Allen, 236 S. W. 868. (2) An opinion rendered in an action in equity by the Court of Appeals cannot be said to be in conflict with opinions of this court laid down in actions at law. The same facts are not involved and the same rules of law do not apply. (3) In bringing in the public administrator in the manner shown by the record the Mutual Aid Union was unquestionably guilty of collusion and not entitled to interplead. Green v. Davis, 118 Mo. App. 636; Swain v. Bartlett, 82 Mo. App. 642. (4) An interpleader suit is an equitable action and as such is governed by the rules of equity and not by rules of law. Davidson v. Hough, 165 Mo. 569; Freeman v. Wilkerson, 50 Mo. 554; Estes v. Fry, 94 Mo. 266; Wendover v. Baker, 121 Mo. 273; McCollum v. Boughton, 132 Mo. 601; Cohn v. Sanders, 175 Mo. 467; Little v. St. Louis Tr. Co., 197 Mo. 298. (5) In order to maintain interpleader the following allegations and proof thereof must be made: (a) That several persons assert claims against it and for the same thing. (b) That it cannot determine, without hazard to itself, to which of the defendants it should be paid. (c) That it is a disinterested stakeholder thereof claiming no beneficial interest therein. (d) That no act on its part has brought about the conflicting claims. Goggin v. Mutual Aid Union, 213 S. W. 523; Swain v. Bartlett, 82 Mo. App. 642; Green v. Davis, 118 Mo. App. 636.

SMALL, C.—We issued our writ of *certiorari* on September 8, 1922, directed to respondents, judges of the St. Louis Court of Appeals, to certify to this court the records and proceedings in said appellate court in the cause of Nannie Goggin v. Mutual Aid Union. The case is now before us, in pursuance of our writ, for final disposition.

The petition, in this court, upon which the writ was issued, alleged, among other things, that the decision of the Court of Appeals complained of, was contrary to the decision of this court in Little v. Union Trust Company, 197 Mo. 281-282, and Roselle v. Farmers' Bank, 119 Mo. 84, and other cases.

It appears from the opinion of the Court of Appeals that the plaintiff, Nannie Goggin, sued the defendant, Mutual Aid Union, a beneficiary society engaged in insuring the lives of its members in Missouri upon the mutual assessment plan, in the Circuit Court of the City of St. Louis, to recover upon a policy of insurance issued by the defendant upon the life of Mrs. Marian M. Dowd. The original beneficiary in the policy was Bessie Larkin, afterwards changed by Mrs. Dowd to Jennie N. Shaw. Subsequently, on November 8, 1915, Mrs. Dowd again applied for a change of beneficiary from Jennie N. Shaw to Ada L. Sullivan, and on October 25, 1916, applied to change it again from Ada L. Sullivan to Nannie Goggin, the plaintiff in said cause. Defendant, Mutual Aid Union, paid the sum of $837.50, the amount of the policy, into court, and filed a bill of interpleader, and was discharged from further liability on said policy, and plaintiff, Nannie Goggin, and defendants, Ada L. Sullivan, and Frank M. Slater, public administrator in charge of the estate of Marian M. Dowd, deceased, who had been made defendants in conformity with the prayer of the answer and bill of interpleader of the defendant, Mutual Aid Union, were ordered to interplead for the fund paid into court. From this judgment, the plaintiff, Nannie Goggin, appealed to the St. Louis Court of Appeals, which reversed and remanded the case. Its opinion is found in 213 S. W. 522. The case was remanded by that court because defendant's bill of interpleader did not set up the necessary allegations. After the case was reversed and remanded, defendant, Mutual Aid Union, filed an amended answer and cross-petition, in which it undertook to bring its bill of interpleader within the requirements of the law, as held by the appellate court. Up-

on the retrial, after hearing the evidence on the question of defendant insurance company's right to interplead, the circuit court entered judgment, that its amended answer and cross-bill was a proper bill of interpleader, and on the application of said defendant, Mutual Aid Union, it having paid into court the sum of $837.50, it was decreed that said defendant be discharged from all liability to plaintiff and to defendant, Slater, the public administrator, and defendant, Ada M. Sullivan. From this judgment, the plaintiff again appealed to the St. Louis Court of Appeals.

In its opinion, which is the one before us for our consideration, the court held the allegations of the answer and cross-petition of the defendant, Mutual Aid Union, a good and sufficient bill of interpleader. The question with reference to the sufficiency of said bill was whether or not it showed that no act of said defendant brought about the conflicting claims to the fund in controversy which it had paid into court. In its opinion, before us for review, the learned Court of Appeals said on this point:

"If the facts alleged in defendant Mutual Aid Union's cross-petition or bill of interpleader are true, then it could not be said that any act on its part brought about the conflicting claims. What was said with respect to the allegations in the bill of interpleader, when this case was here before, Goggin v. Mutual Aid Union, supra, does not mean that the exact words, 'no act on its part has brought about the conflicting,' must be used, but if it appears from the whole of the bill of interpleader that no wilful acts, on its part, have brought about such conflicting claims, it is a sufficient compliance with the rule therein announced. . . .

"Treating the allegations in defendant's bill of interpleader, as true, which we must for the purpose of determining this question, it would clearly appear that no wilful or deliberate act on its part brought about any of these conflicting claims.

"It appears from the testimony of learned counsel

for defendant Mutual Aid Union, that he advised counsel
for Mrs. Sullivan that the public administrator be made a
party to this suit, and stated to said counsel that unless
the public administrator was made a party, he would
have an administrator.*pendente lite* appointed; that this
was necessary, in order to have a complete determination
of the suit.  In other words, learned counsel admits and
concedes here that he, as counsel for defendant Mutual
Aid Union, brought about the conflicting claim of the
public administrator, and also directed Mrs. Sullivan to
see Mr. Wolfort (an attorney having offices with him)
when she came to see counsel for defendant Mutual Aid
Union about him having represent her.  It is well settled,
that in order to entitle the defendant to interplead, it
must have had no part in bringing about any of the
conflicting claims to this fund and must stand perfectly
indifferent between them in the mere position of stake-
holder.   [Greene v. Davis, 118 Mo. App. 636, 96 S. W.
318; Swain v. Bartlett, 82 Mo. App. 642; Smith v. Grand
Lodge A. O. U. W., 124 Mo. App. 181, 101 S. W. 662.]

. . . .

"No doubt learned counsel for defendant was seek-
ing to do what he thought was for the best interests of all
concerned when he was seeking to have the public ad-
ministrator made a party, but defendant cannot do this
and then maintain a bill of interpleader, and for this rea-
son the case will have to be reversed and remanded."

The Court of Appeals thus found that said defend-
ant's attorney acted in perfect good faith in procuring
the public administrator, in charge of the assured's es-
tate, and Mrs. Sullivan, who claimed to be a beneficiary
appointed by Mrs. Dowd, but whom plaintiff claimed she
succeeded as such beneficiary, to be made parties defend-
ant, by his bill of interpleader.  The court concludes,
however, therefrom, as a proposition of law, that the de-
fendant could not, therefore, maintain its bill of inter-
pleader.

We think this decision is in conflict with the law of
the case as decided by this court in Little v. Union Trust

Co., 197 Mo. 281. In that case, the Union Trust Company, under a contract, held certain funds to be distributed to various parties growing out of the sale of a coal property. It was held that it was the duty of the Trust Company to notify parties having claims to portions of the fund, of their right thereto, although they had known nothing of it before, and had erroneously supposed that they had already received all they were entitled to. The court said, at pages 292-3: "There is nothing in the facts of this case to indicate bad faith on the part of the Trust Company or collusion with the stockholders to bring this suit. When the question was once raised (that different parties might assert claims to the same fund in its hands) if it was deemed by the Trust Company a serious one, if the facts were sufficient to cause the Trust Company to seriously question whether it was in duty bound to pay the money to the holder of the receipt for the 634 shares of stock, or to divide it pro rata with the other shareholders, there was nothing wrong in informing the stockholders that such a question had arisen. The Trust Company was the trustee of this money, holding it for whosoever was entitled to it, and if the stockholders were in law entitled to it, good faith demanded of the trustee that they should have it, even though they had known nothing of it before, and had erroneously supposed that they had already received all they were entitled to. Indeed, if the trustee, after its attention was called to the matter, had withheld from the stockholders this information, it would have been an act of bad faith to them; they were entitled to know it, and it was the duty of the trustee, who was in a fiduciary relation to them, as well as to Mr. Hobart or the bank, to give them the information."

In a preceding portion of the opinion in that case, on page 291, we said: "To entitle one to maintain a bill of interpleader in equity, he must be a mere disinterested stakeholder or trustee; impartial, in so far as his conduct may influence the judgment to be ultimately rendered between the conflicting claimants, he must act in

good faith, and he must have reasonable cause for a real doubt, as to which of the claimants is entitled to the fund.'' And it was held that, even though different claimants, in the case, were led to assert their claims, because the Trust Company had, acting in good faith, notified them of such claims, such notification not only did not destroy the Trust Company's right to file a bill of interpleader, but was a commendable act on the part of the Trust Company in carrying out its duty as trustee or stakeholder of the fund.

In the case at bar, the learned Court of Appeals, in its opinion, expressly found that ''learned counsel for defendant was seeking to do what he thought was for the best interest of all concerned, when he was seeking to have the public administrator made a party.'' If so, he acted in good faith in compliance with his duty, not only to his client, but in compliance with the duty of his client to see to it that all persons, for whom it might be trustee, had a fair opportunity to assert their just and legal claims to the funds in its hands.

In our judgment, therefore, the opinion of the Court of Appeals in ruling that because defendant's counsel had the public administrator and Ada L. Sullivan made defendants, it could not maintain its bill of interpleader, although acting in good faith, was contrary to our ruling in the case of Little v. Union Trust Company, supra, and therefore, said opinion, as to such ruling, ought to be, and is quashed. *Lindsay, C.,* concurs; *Brown, C.,* not sitting.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur.