[No. 823. Decided May 10, 1893.]

## YAKIMA NATIONAL BANK, *Respondent*, v. ROBERT KNIPE, *Appellant.*

NEGOTIABLE INSTRUMENTS — EVIDENCE — ALTERATION OF NOTE — PRESUMPTION — OWNERSHIP — PROOF OF INCORPORATION — INTEREST — HARMLESS ERROR.

Although a promissory note may show upon its face that it has been changed after it was originally written, yet, in a suit thereon, it may be offered in evidence, as the presumption is that the note was in the same condition when signed as when offered in evidence.

The fact that plaintiff is a corporation may be *prima facie* established by parol proof that it is carrying on a general banking business as a national bank under the name by which it has brought suit, as judicial notice will be taken by the court of the general laws of the United States which authorize national banks.

In an action upon a promissory note by an indorsee, who makes the payee a party defendant, the production of the note in evidence with an indorsement in blank thereon, is sufficient to *prima facie* establish the fact that the plaintiff is the owner.

Under the legislation of this state the established rate of interest is ten per cent., and can be properly charged by national banks.

The fact that the court, in an action upon a promissory note, assessed the amount of attorney's fees due thereon, and added same to the verdict of the jury, is not prejudicial error.

*Appeal from Superior Court, King County.*

*Pratt & Shank*, and *Thompson, Edsen & Humphries*, for appellant.

*Preston, Carr & Preston*, and *W. R. Bell*, for respondent.

The opinion of the court was delivered by

HOYT, J. — This action was brought to recover the amount alleged to be due upon a certain promissory note made by the defendant Knipe to defendant Dorffel, and by him indorsed to the plaintiff. The defendant Knipe, in his answer, after making certain general denials, set up two

affirmative defenses and one affirmative partial defense. The first of said affirmative defenses was that the note had been altered after delivery, without his consent. The second was that the plaintiff was not the real party in interest. The partial defense was that a portion of the amount due upon the note had been paid by defendant Dorffel. These affirmative defenses were severally put in issue by the reply. When the case was called for trial the plaintiff offered in evidence the note sued upon. The defendant Knipe objected to its introduction in evidence on several grounds. The one upon which most stress seems to have been placed, and to which the attention of the court was especially called, was that the note showed upon its face that it had been changed after it was originally written, and that, such being the fact, it could not be put in evidence until there had been some explanation as to such change. The court overruled such objection, and the note was received in evidence, and this ruling presents the principal question involved in this appeal.

The question thus presented is an important one, and the authorities are not harmonious in regard thereto. It is, however, no longer an open one in this court. Substantially the same question was raised in the case of *Wolferman v. Bell, ante*, p. 84, and we held that there was a presumption that an instrument in writing was in the same condition when signed that it was when offered in evidence, and that such presumption was not changed by the fact that the instrument showed upon its face that the original draft thereof had been changed. The special concurrence of three of the judges in the opinion would seem to indicate that only a minority of the court had held as above stated. Such, however, was not the case, as a majority of the court concurred in what was thus held, and limited their concurrence on account of what was said upon other questions. Such holding is decisive of the question under considera-

tion, and, as we are satisfied with what we then held, it follows that, in our opinion, the note, when received in evidence, made a *prima facie* case against the defendant, so far as this principal question was concerned.

There were, however, several other objections made to the introduction of said note, and as to the action of the court in instructing the jury. The questions thus raised can well be discussed in a general way, and without passing upon each objection separately. One of such objections was that no legal proof of the fact that the plaintiff was a corporation had been introduced. Upon this question, when all the pleadings are taken together, it is doubtful whether or not it was necessary for the plaintiff to prove such fact. The second affirmative defense above mentioned, when interpreted in the light of the reference therein made to the partial affirmative defense, seems to qualify the denial of incorporation made in the first part of the answer, but whether or not this be so, we think the proof offered was sufficient to *prima facie* establish the fact of incorporation. This court will take judicial notice of the general laws of the United States, and, such being the fact, we think it was competent for the plaintiff to prove by parol that it was carrying on a general banking business as a national bank authorized by the general laws of the United States under the name by which it had sued. We are unable to see any reason why a corporation *de facto* may not be proven by this kind of testimony.

Another contention of appellant was that there was no proof that the plaintiff was the real party in interest. Under the affirmative allegations in his answer the appellant might well be held to have admitted that the plaintiff was the owner and holder of said note, notwithstanding the fact of the general denial in such answer; but in the absence of such admission in the pleadings, the note, when introduced in evidence by the plaintiff, with what purported to

be an indorsement in blank thereon, *prima facie* established the fact that the plaintiff was the owner and holder thereof. Especially is this true where, as in this case, the indorser is made a party to the action against the maker. No other person than such indorser and the plaintiff are shown to have had any connection whatever with the note; and since any claim which the indorser might make thereto would be fully determined by the adjudication in the action, it follows that no possible injury could result to the maker by reason of the action being prosecuted in favor of the plaintiff instead of in favor of the payee. Under such circumstances, the court should demand only slight proof to establish a *prima facie* case, and when the note was introduced in evidence, indorsed in blank, such *prima facie* case was made out. In fact many courts have held that the production upon the trial of a promissory note made to order was *prima facie* proof of the title of the holder who was not the payee named in the note, even although it did not purport to have been indorsed.

It is further objected by the appellant that the amount of the verdict was excessive, for the reason that no interest should have been allowed, as the stipulation for 10 per cent. interest was in violation of the national banking law. We think, however, that under the legislation of this state there is an established rate of interest, which is 10 per cent., and that the fact that by special contracts different rates may be collected does not affect the question as to said 10 per cent. being the established rate of the state. This being so, it follows that the national bank could properly charge that rate.

This disposes of all the questions excepting that growing out of the action of the court in taking the question of the assessment of the amount due by the terms of the note as attorneys' fees from the jury, and assessing it himself, and adding it to the amount of the verdict; but this, if

error, was not such an error as should reverse the case. There was no proof introduced on the part of the defendants, and the only proof on the part of the plaintiff, outside of that as to its incorporation, was the note itself. And as the construction of said note was a question of law, for the determination of the court, there was no question of fact, excepting as to such incorporation, to go to the jury.   Under these circumstances, it would have been entirely competent for the court to have estimated the amount of interest and of the attorney's fee, and to have instructed the jury, if they found the question of incorporation to have been proven, to return a verdict in the amount so estimated by him to be due upon the note.   Hence defendant was not injured by the fact that as to the attorney's fee the court itself determined the amount and added it to the verdict instead of instructing the jury to include it as a part thereof.

Upon the whole record, we find no reversible error, and the judgment must be affirmed.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

STILES, J., dissents.