OF THE

## STATE OF WASHINGTON,

AT THE

## JANUARY SESSION, 1895.

[No. 1608.  Decided January 17, 1895.]

### HENRY W. HARDY, *Respondent*, v. CONRAD HOHL, *Appellant*.

APPEAL — SUFFICIENCY OF EVIDENCE — ACTION ON PROMISSORY NOTE —
COURT MAY ADD STIPULATED ATTORNEY FEES TO VERDICT.

A verdict for plaintiff in an action on a promissory note will not be disturbed, although the defense was that it had been materially altered after delivery, when the evidence is conflicting on that point, and the charge of the court is not in the record, as it will be presumed that the jury were properly charged as to the alteration, and that in giving a verdict for the principal and interest of the note they must have found that the note had not been altered.

Where the verdict of the jury in an action on a promissory note is merely for the principal and interest thereof, it is not error for the court in rendering judgment to add in the amount of attorney's fee provided for in the note.

*Appeal from Superior Court, Spokane County.*

*J. R. Boarman,* for appellant.

*Blake & Post,* for respondent.

The opinion of the court was delivered by

Scott, J.—This was an action upon a promissory
note, and from the verdict and judgment thereon
against him the defendant appeals. The defense was,
that the note had been materially altered after its exe-
cution and delivery by the insertion of the word fifty
in a space left in the printed form used for the inser-
tion of an attorney's fee. The insertion of this word
made it appear as though an attorney's fee of fifty dol-
lars had been stipulated in case suit was brought to
enforce collection of the note. The jury found for the
plaintiff for the amount of the principal and interest
only, and the court in rendering judgment thereon
added the sum of fifty dollars thereto as an attorney's
fee. The instructions given to the jury are not in the
record. The respondent contends that they were not
instructed to include the attorney's fee in their verdict
if they found for the plaintiff. Whatever the fact may
be with regard to this, it appears from the standpoint
of the appellant that the defense was that there could
be no recovery upon the note if the same had been
altered as claimed. The charge of the court not being
in the record, it will be presumed that the question as
to the alteration of the note was submitted to the jury
according to this contention, and with proper instruc-
tions, and, as it appears that this was the only defense
relied upon, and as the amount of the verdict for the
principal and interest depended upon mere computa-
tion, in finding for the plaintiff, the jury must have
found that the note had not been altered, as to which
the evidence was conflicting.

The jury not having been instructed to include the
amount of the attorney's fee in their verdict, and we
are bound to presume that they were not under the cir-

cumstances to support the judgment, and it being a stipulated sum, as to which there could be no controversy if inserted before the execution of the note, there was no error upon the part of the court in rendering judgment therefor in addition to the amount of the verdict. *Yakima National Bank v. Knipe,* 6 Wash. 348 (33 Pac. 834.)

Judgment affirmed.

HOYT, C. J., and DUNBAR, GORDON and ANDERS, JJ., concur.