[No. 2357.]

BUZANES V. FROST.

1. **Bills and Notes—Verdicts.**

In an action upon a promissory note, where the only issue was as to the delivery of the note, the fact that in a verdict for plaintiff the jury omitted to find the amount of the recovery, worked no prejudice to defendant.

2. **Appellate Practice—Abstract of Record—Instructions.**

Where a jury after retiring for deliberation returned into court and requested further instructions, which request was denied by the court, and the abstract of record contains neither the instructions given nor the request for further instructions, it will be presumed that no error was committed in denying the request.

*Appeal from the County Court of Teller County.*

Mr. GEORGE H. KOHN, for appellant.

•Mr. CHARLES J. PERKINS, for appellee.

GUNTER, J.

Action upon promissory note by indorsee. Verdict and judgment for plaintiff. Defendant appeals.

1. Mills' Annotated Code, sec. 200, prescribes that when a verdict is for plaintiff in an action for the

recovery of money, the jury shall find the amount of the recovery. The verdict rendered was: "We, the jury, duly impaneled and sworn to try the above entitled cause, do find the issues therein joined in favor of the plaintiff. J. D. Bransford, foreman."

It is contended that this verdict violates the section of the code cited, and that such violation is fatal to the judgment.

The only question of fact before the jury was whether or not the note was delivered. If the verdict upon this question was for the plaintiff, then he was entitled to a judgment for the full amount of the note, principal and interest; if for defendant, then he was entitled to a judgment of dismissal and for costs. The verdict was responsive to the only issue before the jury, and the omission to find the amount of the recovery therein worked no prejudice to the defendant. As this omission worked no prejudice, it does not constitute reversible error.—*Hutchinson v. Inyo County*, 61 Cal. 119.

2. It is said the jury, being unable to agree, returned into court and asked to be further instructed; that the court denied the request and therein violated section 192 Mills' Annotated Code, which provides that if the jury after retirement for deliberation desire to be informed on any point of law arising in the cause, they shall be brought into court and receive such desired information.

Neither the instructions given by the court, nor the request of the jury for an additional instruction, is contained in the abstract of the record. For aught that appears in the abstract, the court may have covered the point upon which additional information was requested in its charge, or it might have constituted error by the court to instruct upon the point submitted. This being true, we must presume that no error was committed by the court in refus-

ing to further instruct the jury. Seeing no reason for a reversal upon either of the alleged errors argued, the case must be affirmed.

*Affirmed.*