# April Term, 1907.

[No. 5249.]
[No. 2874 C. A.]

## HARRIS v. McLAUGHLIN.

**Juries—Verdict—Alteration by Court—Judgments.**

In an action on a promissory note, the only question of fact to be determined being the validity of the note, the jury in addition to determining such fact also fixed the amount due plaintiff at a less sum than was actually due. Held, that Mills' Ann. Code, § 196, to the effect that an informal or insufficient verdict may be corrected by the jury under the direction of the court, is not controlling, although the trial court might have followed such provision; but the court was justified in disregarding that portion of the verdict fixing the amount, and in rendering judgment for the amount actually due, in accordance with § 78, which directs that at every stage of an action the court shall disregard any error or defect which does not affect the substantial rights of the parties.—P. 461.

*Appeal from the County Court of the City and County of Denver.*

*Hon. Ben B. Lindsey, Judge.*

Action by M. H. McLaughlin against Edna H. Harris. From a judgment for plaintiff on appeal from a judgment against her in the justice court, defendant appeals. *Affirmed.*

Mr. JOHN H. LEIPER, for appellant.

Mr. GEORGE ALLAN SMITH, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Appellant sued her husband for a divorce. Appellee was her counsel in that proceeding. Negotiations for a settlement of the divorce proceedings

·(459)

were consummated February 9, 1900. Before the signing of the settlement agreement between appellant and her husband, counsel for the husband insisted that unless appellee would accept $50.00 in full settlement of all his services in the divorce proceedings, the settlement agreement would not be signed by the husband. Whereupon appellant and appellee retired to an adjoining room and appellant said to appellee that she desired the settlement agreement executed, advised appellee to accept the $50.00 offered by the attorney for her husband, and promised to pay appellee for his services. Thereupon the settlement agreement was executed by the parties, and appellee signed the following receipt:

"$50.00      DENVER, COLO., Feb. 9th, 1900.

"Received of Robert Harris and Edna H. Harris the sum of fifty dollars ($50.00) in full of all accounts and demands as services in divorce proceedings instituted by Edna H. Harris against Robert Harris, which has this day been compromised."

Five days thereafter—February 14th—appellant called at the office of appellee, and, upon a satisfactory settlement of the amount due appellee for services, signed a demand promissory note for $100.00 with interest from date.

Upon appellant's appeal from a judgment against her in a justice court, a trial in the county court to a jury resulted in a judgment against appellant, from which is this appeal.

Appellant testified that the note in suit was executed February 9th, prior to the signing of the receipt.

Appellee testified that the note was signed February 14th, pursuant to appellant's agreement to

settle with him for his services, and that the note included services other than those rendered in the divorce proceedings.

The court instructed the jury, that if the note was executed February 9th appellant was entitled to a verdict. If, on the other hand, the note was executed February 14th, pursuant to the agreement testified to by appellee, appellee was entitled to a verdict, for the amount of the note with interest. That the receipt was only *prima facie* evidence of payment and might be explained by parol evidence.

The jury returned the following verdict:

"We, the jury, find the issues herein joined for the plaintiff and assess his damages at the sum of $61.85."

Both parties excepted to the verdict.

Appellee filed the following motion:

"Now comes the plaintiff in the above entitled cause and moves the court for judgment herein for the sum of $123.66 and costs of suit.".

Defendant's motion for a new trial was overruled.

The above motion of appellee was granted, and judgment rendered in appellee's favor for $123.66.

The only assignment of error which we can consider is that based on the exceptions to the rulings upon the above motion of plaintiff and the rendition of judgment, as no exceptions were saved to the instructions given.

The only issue in the case was clear cut and well defined by the court in the instruction, namely, the validity of the note. No issue as to the amount due on the note was presented. The amount due was simply a matter of computation.

The verdict of the jury found the only issue in the case in favor of plaintiff.

In granting the motion of plaintiff and render-

ing the judgment it did, the court did not invade the province of the jury.

Appellee contends that § 196, Mills' Ann. Code, controls. That section is:

"If the verdict be informal or insufficient in not covering the whole issue or issues submitted, or in any particular, the verdict may be corrected by the jury, under the advice of the court, or the jury may be again sent out."

We do not think this section of the Code controlling, as it cannot be said that the verdict returned was informal or insufficient in not covering the only issue submitted, and, while it is true, that under the above section of the Code the court might have proceeded as therein provided, and instructed the jury to return a verdict for $123.66, and immediately receive a verdict increased to that amount, it would not have been error so to do. What was done amounted to the same thing, and the defendant was not, and could not, have been harmed by such action.

*Pierce v. Schaden*, 62 Cal. 283, was an action on a promissory note against indorsers. The answer raised no issue of the amount due. The jury returned a verdict in the following form:

"That the jury in the above entitled cause find for the plaintiff, and assess his damages at the sum of $294.50."

The plaintiff thereupon moved for a judgment for the entire sum, amounting with interest to $710.00. This motion was denied, and upon appeal the court said:

"There was no denial of the execution or indorsement of the note, and no plea of payment. There was, therefore, no issue to go to the jury except as to presentation, demand, refusal to pay and notice. * * * The plaintiff moved for judgment for the amount of the note and interest, which

motion was denied and judgment entered for the amount named in the verdict. The plaintiff was entitled to his motion. The jury had nothing to do with matters not in issue, and a verdict referring to such matters is, so far, surplusage. So far as the verdict related to matters in issue it was in favor of plaintiff. The court should have computed the amount due on the note for principal and interest and rendered judgment accordingly.

"Judgment vacated and cause remanded with instructions to make the computation and render judgment in accordance with this opinion."

To the same effect are: *Schweitzer v. Connor,* 57 Wis. 177; *Yakima Nat. Bank v. Knipe,* 6 Wash. 348-51; *Hardy v. Hohl,* 11 Wash. 2; *Imperial Fire Ins. Co. v. Kiernan,* 83 Ky. 471-9; *Priest v. Deaver,* 22 Mo. App. 276-84.

*Buzanes v. Frost,* 19 Colo. App. 388, was an action upon a promissory note by indorsee, with a verdict and judgment for plaintiff. The verdict was: "We, the jury, duly impaneled and sworn to try the above entitled cause, do find the issues therein joined in favor of the plaintiff."

Mr. Justice Gunter, writing the opinion of the court, said:

"The only question of fact before the jury was whether or not the note was delivered. If the verdict upon this question was for the plaintiff, then he was entitled to a judgment for the full amount of the note, principal and interest; if for defendant, then he was entitled to a judgment of dismissal and for costs. The verdict was responsive to the only issue before the jury, and the omission to find the amount of the recovery therein worked no prejudice to the defendant. As this omission worked no prejudice, it does not constitute reversible error."

Upon the facts of this case we conclude that

under § 78, Mills' Ann. Code, which directs, that at every stage of an action the court shall disregard any error or defect which shall not affect the substantial rights of a party, the irregularity or error —if it were one—in not proceeding under § 196, *supra,* will not justify a reversal of the judgment, and it will therefore be affirmed.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.