[No. 26095.    Department One.    August 12, 1936.]

NATIONAL SURETY CORPORATION, *Respondent,* v. JOHN F. DORE *et al., Appellants.*[1]

T. M. *Royce* and *John F. Dore,* for appellants.

*Merrick, Williams & Fitch* and *Caldwell, Lycette & Diamond,* for respondent.

MITCHELL, J.—This action was brought by the National Surety *Corporation,* a corporation, to recover the balance due on a negotiable promissory note given by the defendants, John F. Dore and his wife, on September 12, 1931, to the National Surety *Company,* a corporation, the plaintiff herein becoming the owner

[1]Reported in 60 P. (2d) 12.

of the note by assignment. The trial resulted in a directed verdict for the plaintiff, upon which judgment was entered. The defendants have appealed.

At the date of the note, a suit was pending wherein the National Surety Company was plaintiff and John F. Dore and wife were defendants, and on that date the parties reached a settlement of the controversy between them, according to which the defendants executed and delivered the note in question in this case. Caldwell & Lycette represented the plaintiff in that action, received possession of the note on behalf of their client, and thereafter kept the note on account of a statutory attorneys' lien they claimed on it for professional services rendered in that action. In that settlement, a written stipulation was entered into, which provided:

"Upon the full and complete execution and delivery of this agreement and payment of said note, an order shall be entered herein dismissing the above entitled action with prejudice and without costs to either party."

At and after maturity of the note, the makers failed to pay it, upon demand.

After the note was given, a receiver was appointed for the National Surety Company, the owner of the note. Thereafter, upon a stipulation signed by Caldwell & Lycette protecting their attorneys' lien on the note, and upon the petition of the receiver, an order of court, wherein the receivership proceedings were pending, was entered April 23, 1934, authorizing and directing the receiver to assign the note to the plaintiff in the present action, the National Surety Corporation, for collection.

Thereafter, this action was commenced on the note. At the trial, wherein Caldwell & Lycette assisted as attorneys for the plaintiff, all of the written instru-

ments referred to, including the promissory note bearing the indorsement of the receiver of the National Surety Company, were introduced in evidence. The evidence was not contradicted.

On the appeal, the first contention on behalf of the appellants is that, under their stipulation with the National Surety Company, before any action could be maintained on the note, it was necessary that the action pending at the time the note was given should be dismissed. The terms of the stipulation in this respect, however, were that upon "payment of said note" an order should be entered dismissing the action. Still further, the record shows that, prior to the verdict and judgment in the present case, the other suit was actually dismissed. The appellants, therefore, are without any just claim of error, since there is no question about the identity of the note, which has now been surrendered for cancellation upon the taking of judgment at this trial.

It is also argued that the respondent did not have sufficient title to, and possession of, the note, at the commencement of the present suit, to sustain the action. This contention is based upon the fact that the respondent or its assignor did not have physical possession of the note.

The general rule in this respect is stated in *Yakima Nat. Bank v. Knipe*, 6 Wash. 348, 33 Pac. 834, wherein it was said:

"The note, when introduced in evidence by the plaintiff, with what purported to be an indorsement in blank thereon, *prima facie* established the fact that the plaintiff was the owner and holder thereof."

To the same effect, see Daniel on Negotiable Instruments (7th ed.), § 1379, p. 1412.

In addition to this *prima facie* proof, other positive evidence introduced in the case shows, without dis-

pute, who the actual owner of the note was, both before and after the assignment, the evidence being that, from time to time, the note was in the physical possession of the attorneys for the real owner, with the knowledge and consent of the owner.

Lastly, it is claimed that the court erred in fixing a reasonable attorney's fee without the taking of any evidence on that subject. The note, by its terms, provides for reasonable attorney's fees. The complaint alleged a certain sum to be reasonable. That allegation was denied generally in the answer, and, although the appellants, in their case in chief, made offers of proof on other features of the case, none was offered on the subject of the reasonableness of attorney's fees. The allowance made by the court, which was something less than one-half of the amount asked in the complaint, appears to be entirely reasonable.

The situation is controlled, we think, by *Yakima Nat. Bank v. Knipe*, 6 Wash. 348, 33 Pac. 834, where, in a similar case, it was held:

"This disposes of all the questions excepting that growing out of the action of the court in taking the question of the assessment of the amount due by the terms of the note as attorneys' fees from the jury, and assessing it himself, and adding it to the amount of the verdict; but this, if error, was not such an error as should reverse the case. There was no proof introduced on the part of the defendants, and the only proof on the part of the plaintiff, outside of that as to its incorporation, was the note itself. And as the construction of said note was a question of law, for the determination of the court, there was no question of fact, excepting as to such incorporation, to go to the jury. Under these circumstances, it would have been entirely competent for the court to have estimated the amount of interest and of the attorney's fee, and to have instructed the jury, if they found the

question of incorporation to have been proven, to return a verdict in the amount so estimated by him to be due upon the note. Hence defendant was not injured by the fact that as to the attorney's fee the court itself determined the amount and added it to the verdict instead of instructing the jury to include it as a part thereof."

Judgment affirmed.

TOLMAN, GERAGHTY, STEINERT, and BLAKE, JJ., concur.