LIBERTY IMPORT CORPORATION, A CORPORATION, PLAINTIFF, V. MILTON M. NEUMAN, ET AL., DEFENDANTS-THIRD PARTY PLAINTIFFS, RESPONDENTS, V. SANTA FE TRAIL TRANSPORTATION CO., A CORPORATION, THIRD PARTY DEFENDANT, RESPONDENT, AND BRADY TRANSFER & STORAGE COMPANY, A CORPORATION, THIRD PARTY DEFENDANT, APPELLANT.—234 S. W. 2d 227.

Kansas City Court of Appeals. Opinion delivered November 20, 1950.

*O. L. Houts, Hogsett, Trippe, Depping, Houts & James* for appellant.

*Daniel S. Millman* for respondents.

SPERRY, C.—This case originated in Magistrate Court where Liberty Import Corporation, plaintiff, sued Milton M. Neuman and J. David Pittell, a co-partnership, defendants, on an account for goods sold and delivered. Defendants asked leave to file a third party petition against Santa Fe Trail Transportation Company, and Brady Transfer & Storage Company, carriers, alleging negligent loss and damage of the goods. This motion was denied and judgment was for plaintiff against defendants, who appealed to Circuit Court. There they were permitted to file a third party action against both carriers, and judgment was for plaintiff and against defendants and Brady Transfer & Storage Company. Brady Transfer & Storage Company appealed.

The facts are not in dispute.

Defendants contracted to buy from plaintiff, in New York, certain items of food of such a character as to be ruined if frozen. Plaintiffs delivered the goods to Brady Transfer & Storage Company, in New York, for shipment to defendants at Kansas City. Defendants did not specify to plaintiff the manner or method of shipment and plaintiff did not inform appellant that the goods might freeze and thereby become worthless. Appellant transferred the shipment to Santa Fe Trail Transportation Company who tendered delivery in a worthless condition, due to freezing before it received them.

Appellant contends that the Circuit Court lacked jurisdiction to render a judgment against it because the case filed in the Magistrate Court was one on account, between plaintiff and defendants; that the Circuit Court on appeal, could only try the identical case, and no other, that was tried in Magistrate Court; and that, since the third party action filed by defendants as against appellant was not tried in Magistrate Court, it could not be filed or tried in the Circuit Court on appeal. We think that appellant's position is well taken.

The statute governing trial of cases on appeal from the Magistrate Court, Section 2811.239, Mo. R.S., 1939, provides as follows:

"The same cause of action, and no other, that was tried before the magistrate, shall be tried before the appellate court upon the appeal; Provided, that new parties, plaintiff or defendant, necessary to a complete determination of the cause of action, may be added in the appellate court."

Section 847.20, Mo. R.S. 1939 (the Civil Code) provides for third party proceedings such as is here under consideration; but the Civil

Code is made to apply to procedure in the Supreme Court, Court of Appeals, Circuit Courts and Common Pleas Courts. Section 847.2, Mo. R.S. 1939. It was not made to apply to procedure in Justice Courts. Afterward, Justice Courts were abolished and Magistrate Courts were authorized. Section 2811.101 to 2811.312, inclusive, Mo. R.S. 1939. Section 2811.119 thereof sets forth the kind and nature of pleadings permissible in Magistrate Court. Third party pleadings and actions are not mentioned, nor is any mention thereof made in any other section of the statutory law applicable to Magistrate Courts. Consequently the magistrate, before whom this action was instituted, was without jurisdiction to entertain a motion to file a third party pleading. State ex rel. Jensen v. Sestric, 216 S.W. 2d 152.

But defendants contend that the Circuit Court had such power, on appeal. Such contention cannot be sustained. The cause tried in Magistrate Court was on account. The parties thereto were plaintiff and defendants, no others. The *causes* tried in the Circuit Court were two; the one above-mentioned, which grew out of contract; and a case in tort, involving defendants and two carriers. The latter cause was not, and could not have been, tried in Magistrate Court.

Nor can it be said, as urged by defendants, that this new suit can be engrafted on the original action, on appeal, under the provisions of Section 2811.238 and 2811.239, Mo. R.S., 1939. The magistrate committed no error in refusing to entertain the motion to file third party pleadings; nor were either of the carriers necessary to a complete determination of the cause of action filed and tried in Magistrate Court.

The filing of third party pleadings in Magistrate Court, or in Circuit Court on appeal from Magistrate Court, cannot be sustained on authority of Section 2811.201, Mo. R.S., 1939. That section relates only to the usage and practice in the Circuit Court with reference to the examination of witnesses, the submission of evidence, etc. State ex rel. Jensen v. Sestric, supra, 152.

In any case, this judgment cannot stand because plaintiff's petition was never amended so as to state a cause of action against appellant. State v. Dinwiddie, 213 S.W. 2d 127, 130.

It follows that the Circuit Court was without jurisdiction to render judgment against appellant. The judgment, as to it, should be reversed. *Bour, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed. All concur.