ALICE E. HIPP, PLAINTIFF, v. KANSAS CITY PUBLIC SERVICE COMPANY, A CORPORATION, DEFENDANT-APPELLANT, ERASTUS D. WILLIAMS, THIRD-PARTY DEFENDANT-RESPONDENT.—237 S. W. 2d 928.

Kansas City Court of Appeals.   Opinion delivered March 5, 1951.

*Charles L. Carr, Henry Depping, Hale Houts, Hogsett, Trippe, Depping, Houts & James,* for appellant.

*Charles Shangler, I. L. Kraft,* for respondent.

SPERRY, C.—The question presented is: Can a third party defendant maintain a cross claim as against a third party plaintiff after the original plaintiff has dismissed her action without having amended so as to state a cause of action against third party defendant?

Alice E. Hipp, plaintiff, sued defendant, Kansas City Public Service Company, a corporation, appellant herein, for damages for personal injuries received while she was a passenger on defendant's streetcar. Before answering, defendant moved that one Erastus D. Williams, respondent herein, be summoned as third party defendant, and that defendant appellant be given leave to file its petition against him. The motion was sustained.

Appellant filed its third party petition, alleging that respondent was, wholly or partially, liable for damages sought by plaintiff, and "prays judgment against third party defendant for such sum and costs as may be found for plaintiff herein * * *."

Summons was issued and served, wherein respondent was commanded to appear and plead to the petition and to the petition of third party plaintiff, appellant herein, under penalty of judgment for defendant for the relief demanded. Service was had July 9, 1947.

On July 25, 1947, respondent pleaded to appellant's petition, and cross claimed against appellant, seeking damages for personal injuries received when appellant's streetcar and respondent's automobile collided, causing the injuries for which plaintiff sued.

On November 3, 1947, appellant answered respondent's cross claim by general denial. On October 19, 1948, appellant filed a motion wherein it was alleged that plaintiff had failed to amend her petition

so as to state a cause of action against respondent; that the cause had been settled and dismissed as between plaintiff and appellant; and it prayed dismissal of third party petition and the cross claim. The motion was overruled, and the cause was tried.

Judgment was for respondent in the sum of $1320. This appeal followed.

Appellant contends that, since plaintiff failed to state a cause of action against third party defendant, respondent herein, the court had no jurisdiction over the subject matter of the cross claim. It cites and relies on State ex rel. McClure v. Dinwiddie, 213 S. W. 2d, 127, 130. The gist of that decision is that plaintiff may not be compelled to accept third party defendant as an adversary; that the matter is optional as to plaintiff. In Liberty Import Corporation v. Newman, 234 S. W. 2d, 227 we applied the above ruling and held that circuit court is without jurisdiction to render a judgment in favor of plaintiff, as against a third party defendant, where plaintiff had never pleaded a cause entitling him to relief. Neither of those cases directly rule the point here presented, nor are we cited to any other case that is controlling.

Authority for institution of a third party action is found in Section 847.20 R.S.A. 1949, a section of our civil code. In State ex rel. McClure v. Dinwiddie, supra, 129, the court stated that the general purpose of such statute is:

"* * * to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence. It has further been said that its purpose is, to accomplish ultimate justice for all concerned with economy of litigation and without prejudice to the rights of another."

The court pointed out that Section 847.20 R.S. Mo. 1949, of the code, requires the code be construed so as "to secure the just, speedy and inexpensive determination of every action." It was held, page 130, that its provisions should be liberally construed, to the end that the technical and useless be abandoned and the disposition of litigation on its merits be facilitated. Such was said to have been the purpose of the bar and legislature in framing and enacting this legislation.

This section of our code was taken, in toto, from Federal Rule 14, which provided, in part, as follows:

"Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him (or to the plaintiff) for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses to the third-

party plaintiff's claim as provided in Rule 12 and his counterclaim against the third-party plaintiff and cross-claims against (*the plaintiff, the third party plaintiffs, or any other party*) other third party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. (The third party defendant is bound by adjudication of the third party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third party plaintiff.)'' Italics ours.

Since our statute was enacted the rule has been amended by striking out that portion thereof which we have enclosed in parenthesis. Under our statute (as well as under the rule as amended) defendant may, in the discretion of the trial court, bring in third parties who are, or who may be, liable to defendant in connection with a claim growing out of defendant's liability on plaintiff's pleaded cause of action.

''The test of the propriety of third party impleader has been said to be whether the third party could have been joined originally as a defendant by plaintiff, or whether the third party is liable as guarantor, surety, insurer or indemnifier of the principal defendant. United States v. Jollimore (Holland Furnace Co.) (D. Mass. 1941) 134 D. J. Bull. 4, 5 Fed. Rules Serv. 14a.15, Case No. 2.'' Page 362, 1947 Supp. Moore's Federal Practice, Vol. 1. The court's jurisdiction to summon a third party defendant does not depend on plaintiff's wishes in the matter, but on defendant's, providing that he bring himself within the provisions of the statute.

When third party defendant, in this case, was summoned into court, he became an adversary of defendant, although plaintiff did not see fit to make him her adversary.

While the situation thus remained, third party defendant filed his claim against defendant. This he had a right to do, under a liberal construction of the statute which will permit it to achieve the purpose for which it was designed, namely ''that the technical and useless be abandoned and the disposition of litigation on its merits be facilitated.'' A different view would result in requiring third party defendant to answer and defend as against the *liability,* but bar him from asserting a claim against the very person who summoned him into court. Such a result would, necessarily, rest on a strict, not a liberal construction of the statute.

Surely, if he had a right to file his claim, he had a right to have it adjudicated in an action already pending, into which he had been forced. He should not be denied the right to have his pleaded claim tried and adjudicated. He should not be thrown out of court as summarily as he was brought in, thereby being required to again set

the wheels of justice in motion, in another court, by instituting a new action.

We have little precedent to guide us in this decision. However, we are desirous of giving full force and effect to the beneficent intentions of the legislature, as expressed in the code. We prefer a construction that will tend to expedite the final settlement of such matters as may be brought into court, rather than a narrow, technical construction that will tend to limit the scope of the code and impede and delay final disposition of litigation.

The wisdom of such a construction is demonstrated in the case now before us. Third party plaintiff has presented his cause in a court of competent jurisdiction. Defendant has presented his defense. The matter has been fully and, presumably, fairly tried, because no error except that of jurisdiction is urged. In good conscience, and except for clear and compelling reasons, we ought not rule that the case be again tried, in some other court. Third party defendant is entitled to have his claim determined in some court; and one court and jury has already adjudged him to be entitled to relief. To rule that that court was without jurisdiction would not facilitate "disposition of litigation on its merits." Such a ruling could, perhaps, be understood by lawyers, skilled in technical construction; but it would be wholly beyond the comprehension of simple laymen, (for whose benefit, also, courts exist) who believe that courts are dedicated to the simple task of promoting expeditious, impartial, and inexpensive justice to all.

The judgment should be affirmed. *Bour, C.,* concurs.

PER CURIAM:—The foregoing opinion of Sperry, C., is adopted as the opinion of the court. The judgment is affirmed. *Dew, P. J., Broaddus, J.,* concur; *Cave, J.,* not sitting.