STATE OF MISSOURI, at the Relation and to the Use of THE PENN-SYLVANIA RAILROAD COMPANY, a Corporation, Appellant, v. HONORABLE AYRES BLOCHER, Magistrate, Fifth District, Jackson County, Missouri, Respondent, No. 42005—238 S. W. (2d) 361.

Division Two, April 9, 1951.

Alvin C. Trippe, O. L. Houts and Hogsett, Trippe, Depping, Houts & James for appellant.

Warren S. Earhart for respondent.

[361] BARRETT, C.—Ernest E. Fadler Company instituted an action in the magistrate court of Jackson County against the Pennsylvania Railroad for $809.75 damages for injury to perishable freight. After notice the plaintiff filed an application in the magistrate court for commissions to take depositions of witnesses upon written interrogatories in Pennsylvania and Mississippi. The railroad challenged the magistrate's authority to issue the commissions and when they were issued instituted this proceeding in prohibition in the circuit court of Jackson County, alleging that under Section 20, Article V of the Constitution magistrates were prohibited from issuing commissions to take depositions upon written interrogatories. The circuit court denied the writ and upon this appeal by the railroad the question is whether, under the constitution and existing statutes, a magistrate court may issue commissions to take depositions upon written interrogatories.

The Constitution, Section 20 of Article V, provides that:

"Until otherwise provided by law consistent with this Constitution, the practice, procedure, administration and jurisdiction of magistrates courts   *   *   *   shall be as now provided by law for justices of the peace   *   *   *."

It is argued from this language that there must be some express statutory enactment providing for the taking of depositions in magistrate courts, and until there is such express authorization it is prohibited. There is no express provision in the Magistrate Code, Chapter 517, Mo. R. S. 1949, for the taking of depositions upon written interrogatories and it is insisted that no other statute authorizes such depositions. The Civil Code of Procedure is expressly limited in its application to "the supreme court, court of appeals, circuit courts and common pleas courts" (Mo. R. S. 1949, Sec. 506.010) and so, in the absence of other express statutory authorization, the interrogatories to adverse parties provided for in the Civil Code (Mo. R. S. 1949, Sec. 510.020) may not be employed in suits in magistrate courts. State ex rel. v. Sestric, (Mo. App.) 216 S. W. (2) 152. For the same reasons the third party procedure (Mo. R. S. 1949, Sec. 507.080)

of the Civil Code is not applicable or available in magistrate court procedure. Liberty Import Corp. v. Neuman, (Mo. App.) 234 S. W. (2) 227. The Magistrate Code, Section 517.640, provides that "The proceedings upon the trial of suits before magistrates with respect to the examination of witnesses, the submission of evidence and argument, and the order and conduct of the trial, shall, when no other provision is made by law, be governed by [362] the usage and practice in the circuit court, so far as the same may be applicable." It is argued, therefore, that this latter statute expressly makes inapplicable to magistrate courts the general statute providing for depositions upon written interrogatories, Mo. R. S. 1949, Section 492.220.

Under the constitution the general assembly "shall provide for the administration of magistrate courts consistent with this constitution." Const., Art. V, Sec. 21. Until the general assembly so provided the practice, procedure and jurisdiction of magistrate courts "shall be as now provided by law for justices of the peace" (Const., Art. V, Sec. 20) and there is no other constitutional limitation or prohibition upon the jurisdiction of magistrates except as jurisdiction as to certain subjects and matters is conferred upon other courts. "The judicial power of the state shall be vested in a supreme court  *  *  * magistrates courts, and municipal corporation courts." Const. Mo., Art. V, Sec. 1. Pursuant to the constitutional provisions relating to magistrate courts (Art. V, Secs. 1, 20 and 21) the general assembly has provided that *"Magistrate courts shall be courts of record."* Mo. R. S. 1949, Sec. 517.050. In counties of less than 70,000 inhabitants magistrates "shall have the powers of the circuit judge in chambers when the circuit judge is absent from the county." Mo. R. S. 1949, Sec. 482.130. "Except as otherwise provided by law, magistrates shall have original jurisdiction of all civil actions and proceedings for the recovery of money  *  *  *."  Mo. R. S. 1949, Sec. 482.090. The express limitation upon magistrate courts' jurisdiction, except as conferred upon other courts in the Constitution, is that such courts do not have jurisdiction to try actions involving the construction of constitutions or treaties or statutes of the United States, the title to office, the title to real estate or the construction of the revenue laws. They may not try "strictly equitable proceedings" or certain other specified actions. Mo. R. S. 1949, Section 482.100.

The statute providing for commissions to take depositions upon written interrogatories, Section 492.220, is as follows:

"When a party to *any suit pending in any court of record in this state* shall make application to such court  *  *  *  the court or judge may, upon such terms as it may think proper, award such commission."

As indicated, magistrate courts are courts of record, and this statute is expressly applicable to all such courts. Prior to the adoption of the Constitution of 1945 and prior to the enactment of the Magistrate

Code (Laws Mo. 1945, p. 750) a justice of the peace could not issue a commission to take depositions upon written interrogatories when the witnesses resided outside the state. It was necessary, in cases pending before justices of the peace, to ''sue out of a court of record * * * a commission to take the deposition of the witness.'' Mo. R. S. A. 1939, Sec. 1919. But that statute was repealed as of April 14, 1950. Senate Bill 1150, Appendix to House & Senate Journals, 65th General Assembly, Vol. III, p. 1160. This revision bill contains the following explanatory note: ''Justice of the peace courts have been abolished and magistrate courts have taken their place. If the word 'magistrate' be inserted for 'justice of the peace' this section becomes unnecessary since magistrate courts are courts of record and so may order a deposition taken as done in other courts of record. The repeal of section 1919 is therefore suggested.'' The suggestion was adopted, appropriately, and the statute was repealed. It was formerly provided (Mo. R. S. A., Sec. 656.1; Laws of Mo. 1945, p. 1079) that ''Whenever, in any statute, the word 'justice' (referring to justice of the peace) or the words 'justice of the peace' appear, said word or words shall hereafter be deemed to include and refer to 'magistrate,' unless there be something in the subject or context repugnant to such construction.'' But that legislative enactment was likewise repealed upon the suggestion that it was an ''obsolete provision.'' Senate Bill 1001, Appendix House & Senate Journals, 65th General Assembly, Vol. III, pp. 3, 6. Thus it plainly appears that the previous restrictions and limitations as to commissions to take depositions upon written interrogatories obtaining as to justice of the peace courts have been removed and **[363]** no longer obtain or apply as to magistrate courts. Magistrate courts are now courts of record and in pending cases over which they have jurisdiction are expressly empowered under the constitution and the existing statutes (Mo. R. S. 1949, Secs. 492.110, 492.220) to issue commissions to take depositions upon written interrogatories.

The judgment denying the writ of prohibition is therefore affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.