AMERICAN LIFE AND ACCIDENT IN-
SURANCE COMPANY, a Corporation
(Plaintiff), Appellant,

v.

Mary Lou MORRIS and City of St. Louis,
a Municipal Corporation (Defendants),
Respondents.

No. 29055.

St. Louis Court of Appeals.

Missouri.

June 14, 1955.

Motion for Rehearing or to Transfer to
Supreme Court Denied Sept. 9, 1955.

Claude K. Rowland, Harry Gershenson, St. Louis, for appellant.

Stephen C. Rogers, St. Louis, for respondent Mary Lou Morris.

Samuel H. Liberman, City Counselor, Albert A. Winner, Asst. City Counselor, St. Louis, for respondent City of St. Louis.

WOLFE, Commissioner.

This is an action in interpleader brought by plaintiff insurer. It had issued a policy of insurance to Mary Lou Morris providing for the payment of hospital and surgical expenses incurred by reason of sickness. It alleged that there was owing under the policy $235. It further averred that Mary Lou Morris had asserted a claim under the policy and that the City of St. Louis had also asserted a claim by reason of a purported assignment. By this action the plaintiff sought to determine the interest of the parties in any sum that the court found to be owing. The court dismissed the petition in interpleader and the insurance company appealed.

While the policy issued by the American Life and Accident Insurance Company was in force, the insured, Mary Lou Morris, was taken sick. She was hospitalized and treated at the City Hospital of the City of St. Louis. When she was admitted to the hospital, one of its employees, charged with the duty of interviewing patients, talked with the husband of Mary Lou Morris. From him she learned that his wife carried insurance for the payment of hospital expenses. At the request of the interviewer he executed what purported to be an assignment to the City Hospital of any sums due his wife under her policy of insurance.

The insurer first received a demand from the City Hospital in July of 1949. It later received a claim from the insured. In May of 1950 suit was filed by Mary Lou Morris against the American Life and Accident Insurance Company in the magistrate court of the City of St. Louis, by which she sought to recover from it the sum of $440, plus 10% and attorney's fees. The insurance company moved in the magistrate court to join the City of St. Louis as a third-party defendant. Mrs. Morris consented to this and summons was issued. The magistrate proceeded to try all of the issues presented and entered a judgment finding that the City of St. Louis had no interest in the policy and entered a judgment in favor of Mary Lou Morris against the defendant insurer for $380 and costs. Both the City of St. Louis and the American Life and Accident Insurance Company appealed.

After appeal to the circuit court the case was set for September 17, 1951 and continued by consent to November 13, 1951. At that time it was again continued to February 18, and on February 15 the American Life and Accident Insurance Company brought this action in interpleader, upon the theory that the third-party defendant had been improperly joined in the magistrate court and that the magistrate was without authority to determine the rights of the City of St. Louis. Thus it urged that since the trial de novo on appeal in the circuit court would be limited to the jurisdiction of the magistrate, only the rights of Mary Lou Morris could be thereby adjudged and the insurer would be subjected to another suit by the City of St. Louis for the same fund. To avoid a multiplicity of suits the insurer brought the present action.

There was a motion to dismiss the petition, which was overruled, and upon a hearing of the cause the petition was dismissed with prejudice. The court assigned as one reason for dismissing the petition the fact that there existed a dispute between Mrs. Morris and the insurance company about the amount due under the terms of the policy and that consequently the insurance company was not in the position of a mere stakeholder without interest in.

the sum involved, and because of this interpleader was not available to it. The other reason assigned was that the insurance company had not acted with due diligence in bringing the action in interpleader.

The appellant contends that its right to interplead was established when the pretrial motion of Mrs. Morris to dismiss its petition was overruled, and that since no appeal was taken from that order its right to maintain the action was res judicata and the trial court therefore could not dismiss the petition after a hearing. This contention is without merit, for there could be no final judgment at the stage of the case when the motion mentioned was ruled upon. No final judgment in favor of the petitioner could have been entered, and no appeal taken, until the petitioner had paid the money alleged to be owing into court and had been discharged leaving Mrs. Morris and the City to litigate their claims between themselves. Heinrich v. South Side Nat. Bank in St. Louis, 363 Mo. 220, 250 S.W.2d 345; Barr v. Snyder, 358 Mo. 1189, 219 S.W.2d 305.

■ The appealing insurer also contends that it is not precluded from the right to a bill in the nature of interpleader simply because one of the defendants is demanding more than the plaintiff has paid into court. With this we are in accord, for if the converse were true the right to interplead could always be defeated by a defendant demanding more than the plaintiff had tendered and the right of equity to inquire would be left in the hands of the pleader rather than in the court. As stated in St. Louis-Southwestern Ry. Co. v. Meyer, Mo.Sup., 272 S.W.2d 249, loc. cit. 256: " * * * interpleader may not be defeated initially by the mere assertion that a fund is larger in amount than tendered." See also: Novinger Bank v. St. Louis Union Trust Co., 196 Mo.App. 335, 189 S.W. 826.

The respondent maintains that the magistrate court had jurisdiction of the subject matter and that since the insurer brought the City of St. Louis into the case before the magistrate it was in no position to seek relief elsewhere but was bound by the judgment of the magistrate.

■ A court of limited jurisdiction, such as the magistrate court, must act within the limits set by the Constitution and within limits properly enacted by the Legislature. State ex rel. and to Use of Pennsylvania R. Co. v. Blocher, 361 Mo. 1107, 238 S.W.2d 361. Our V.A.M.S. Constitution provides in Article V, Section 21: "The general assembly shall provide for the administration of magistrate courts consistent with this constitution." We must therefore look to the statutes to determine whether or not the magistrate had jurisdiction to hear and determine a third-party action such as was attempted here.

■ The statutory provision for bringing in a third party is Section 507.080 RSMo 1949, V.A.M.S. This is part of the Civil Code of Missouri, but by its express provision it applies only to the supreme court, courts of appeals, circuit courts and common pleas courts. Section 506.010 RSMo 1949, V.A.M.S. There is no statutory authority for such procedure in the magistrate courts and therefore the magistrate was without jurisdiction to pass upon the right of the third party, and the City of St. Louis was improperly joined. State ex rel. and to Use of Pennsylvania R. Co. v. Blocher, supra; Liberty Import Corp. v. Neuman, Mo.App., 234 S.W.2d 227. The matter, of course, is not altered because an appeal was taken to the circuit court. On an appeal from the magistrate court the circuit court's jurisdiction of the cause is not original but derivative and cannot therefore exceed that possessed by the magistrate. Newman v. Weinstein, 230 Mo.App. 794, 75 S.W.2d 871, and cases there cited. See also: Liberty Import Corp. v. Neuman, supra.

■ Nor can the action before the magistrate be fortified by the fact that the insurer requested that the third party be brought in and that the insured consented.

Jurisdiction of the subject matter of an action cannot be conferred by consent of the parties but must rest upon the law, constitutional or statutory. Scott Hardware Co. v. Riddle, 84 Mo.App. 275; State ex rel. Consolidated School Dist. No. 2 v. Ingram, 317 Mo. 1141, 298 S.W. 37.

As stated, the trial judge also gave a failure to act with due diligence as a reason for dismissing the petition of the insurer. This is the equivalent of holding that the insurance company was barred from equitable relief because it was guilty of laches, for laches is "inexcusable delay in asserting a right", which delay "works disadvantage to another". 30 C.J.S., Equity, § 112, page 521.

The court probably had in mind that it may work to the disadvantage of a party to a dispute to be compelled to litigate the issues in an equitable action after having once prevailed at law. It has been held that interpleader generally comes too late if the petitioner does not seek relief by it until after a judgment against him. Cheever v. Hodgson, 9 Mo.App. 565; Wabash R. Co. v. Flannigan, 95 Mo.App. 477, 75 S.W. 691; Smith v. Grand Lodge A. O.U.W., 124 Mo.App. 181, 101 S.W. 662. The reason for so holding, as stated in National Surety Corp. v. Dore, 187 Wash. 274, 60 P.2d 12, is that such an attempt at interpleader in effect constitutes a collateral attack upon the prior judgment. A more cogent reason is stated in McKinney v. Kuhn, 59 Miss. 186, loc. cit. 187, wherein the court said:

"The remedy by interpleader is afforded to protect the party from the annoyance and hazard of two or more actions touching the same property or demand; but one, who with a knowledge of all the facts, neglects to avail himself of the relief, or elects to take the chances for success in the actions at law, ought to submit to the consequences of defeat. To permit an unsuccessful defendant to compel the successful plaintiffs to interplead, is to increase instead of to diminish the number of suits; to put upon the shoulders of others the burden which he asks may be taken from his own."

We have here, however, facts which differ considerably from those considered in the cases cited. The insurer here, who seeks relief by interpleader, misconceived its remedy in the magistrate court and an appeal is pending from the judgment entered there. There must be another trial of the insured's rights to recover. It must either be determined by a trial de novo on the appeal where only her rights could be adjudicated or it must be tried in the action in interpleader where both her rights and those of the City of St. Louis may be passed upon. It therefore appears that to permit all issues to be determined by interpleader would not cause any hardship to the insured. There is consequently no basis upon which the insured can claim that she will suffer an injustice by having her rights tried in the action brought by the insurance company. Since this is apparent the defense of laches to the action in interpleader is without force. Laches is an equitable defense and consequently it cannot be invoked against a right asserted unless the enforcement of the right would work injustice. Schwind v. O'Halloran, 346 Mo. 486, 142 S.W. 55; Bickel v. Argyle Inv. Co., 343 Mo. 456, 121 S.W.2d 803; Earley v. Automobile Ins. Co. of Hartford, Conn., Mo. App., 144 S.W.2d 860.

For the reasons stated, it appears that the court erred in dismissing the petition of the insurance company, and the Commissioner recommends that the judgment be reversed and the cause remanded.


PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded.


RUDDY, Acting P. J., and NOAH WEINSTEIN, Special Judge, concur.