**STATE of Missouri ex rel. Carolyn D. MAYWEATHER, a minor, by her guardian ad litem, James L. Baker, Relator,**

v.

**Honorable Keith P. BONDURANT, Judge Division Six, Sixteenth Judicial Circuit, Respondent.**

**No. KCD 28547.**

Missouri Court of Appeals,
Kansas City District.

July 6, 1976.

James L. Baker, James L. Muller, Kansas City, for relator.

Fred A. Murdock, Charles R. Svoboda, John A. Layton, Kansas City, for respondent.

Before SHANGLER, Acting C. J., and DIXON, SWOFFORD, WASSERSTROM, SOMERVILLE, and TURNAGE, JJ.

WASSERSTROM, Judge.

By application for mandamus, relator seeks an order upon respondent circuit judge to reinstate a third party petition. This court issued its alternative writ, and the cause is now presented for final determination.

Relator was originally sued in a magistrate court by the Aetna Casualty & Surety Company on a subrogation claim for property damages. That claim arose out of an automobile accident on July 16, 1973, in which an automobile driven by relator collided with that of Aetna's insured. Relator defaulted in the magistrate court, and a judgment was entered against her from which she appealed to the circuit court.

In the circuit court relator filed by leave of Division 9 a third party petition against Automobile Club Inter-Insurance Exchange, claiming judgment against Exchange for all sums which might be adjudged against her in favor of Aetna, to the extent of the policy limits of certain insurance issued by Exchange to relator's brother. The third party petition alleged that the brother contracted on June 20, 1973, for insurance from Exchange which Exchange represented would become effective immediately; that relator was driving her brother's automobile with his consent at the time she became involved in the collision on July 16, 1973; that notice of the Aetna claim and lawsuit was given to Exchange but that Exchange denied liability for the alleged reason that the policy by Exchange to relator's brother did not become effective until July 18, 1973, two days after the collision.

Exchange responded to that third party petition by a motion to dismiss. That motion was sustained in Division Six of the Circuit Court. Relator filed a motion to vacate that order, but the motion was overruled. This application for mandamus followed.

Respondent claims: 1) that mandamus is not an appropriate remedy; and 2) that the third party petition attempted to be filed by relator in the Circuit Court is barred by § 512.280. (All statutory references herein are to RSMo 1969).

I.

Respondent contends that the remedy of mandamus is not available in this cause for the reason that relator has an adequate remedy by appeal. He points out that under Rule 81.06, a judgment entered by a court without a jury "of an entirely separate and independent claim unrelated to any other claims stated or joined in the case" shall be deemed a final judgment for the purpose of appeal; and he cites *Hauser v. Hill*, 510 S.W.2d 765 (Mo.App.1974) for the proposition that the dismissal of relator's third party petition comes within the operation of that rule.

■ Even if relator has a right of appeal under the theory just outlined, nevertheless that remedy would not be adequate. Respondent overlooks that upon a direct appeal there would be no mechanics for staying the trial of the liability issue between Aetna and relator. The trial of a jury case entails a heavy financial burden which should be borne by Exchange, not relator, if the Exchange policy was indeed in effect on the date of the accident. Relator should be entitled to have that issue of insurance liability determined in advance of trial so that the burden of defense will be assumed by Exchange if relator is covered. Although Exchange might ultimately be responsible for the cost of defense if the issue of liability between Aetna and relator proceeded first, nevertheless, such ultimate declaration of liability would provide no satisfactory answer to relator's immediate financial problem. Therefore, the remedy by appeal cannot be considered so adequate as to preempt relief by mandamus.

■ In any event, rightly or wrongly this court has already issued its alternative writ. The issues in this case have been fully briefed and argued orally and it would be wasteful of judicial resources to decline to proceed to a determination of the merits. The rule prevails that having possessed itself of a cause by the issuance of a preliminary writ, the appellate court as a matter of discretion will retain and decide the cause. *State ex rel. v. Kirkpatrick*, 504 S.W.2d 83, 85 (banc 1974); *State ex rel. v. Brown*, 330 Mo. 220, 48 S.W.2d 857, 860 (banc 1932); *State ex rel. v. Billings*, 421 S.W.2d 16, 18 (banc 1967); *State ex rel. v. Grayston*, 349 Mo. 700, 163 S.W.2d 335, 337 (banc 1942); *State ex rel. v. Higbee*, 328 Mo. 1066, 43 S.W.2d 825, 826 (banc 1931); *State ex rel. v. Cowan*, 232 Mo.App. 391, 107 S.W.2d 805, 808 (1937); *State ex rel. v. Crain*, 301 S.W.2d 415, 423 (Mo.App.1957).

## II.

Turning now to the underlying legal issue, the question is whether § 512.280 still controls despite the adoption by the Missouri Supreme Court of new procedural rules effective January 1, 1974. Section 512.280, which respondent insists does still control, provides: "The same cause of action, and no other, that was tried before the magistrate, shall be tried before the appellate court upon the appeal * * *." Respondent points to the fact that relator did not and could not bring in Exchange as a third party defendant in the magistrate court, and he argues that § 512.280 therefore bars relator from doing so in the circuit court.

Under the law in effect prior to January 1, 1974, respondent's argument unquestionably would have been correct. In *Liberty Import Corp. v. Neuman*, 234 S.W.2d 227 (Mo.App.1950), this court expressly held that in an appeal from a magistrate to a circuit court, the latter could not allow the defendant to file a third party petition, that ruling being based upon what is now § 512.-280.

■ However, Rule 41.01(b), effective January 1, 1974, looks to a different result. That rule provides: "Civil actions originating in the magistrate courts * * * but which are pending in the * * * circuit courts * * * shall be governed by Rules 41 through 101 * * *." Thus this rule provides for the first time that third party practice under Rule 52.11 shall become available in the circuit court upon an appeal from the magistrate court.

Quite obviously the result under Rule 41.-01(b) and that under § 512.280 are inconsistent and cannot stand together. One must take precedence. Another court rule, Rule 41.02, directly provides that precedence shall be given to Rule 41.01(b), since 41.02 states that Rules 41 to 101 "supersede all statutes and existing court rules inconsistent therewith."

■ Notwithstanding these new rules, respondent says that § 512.280 nevertheless controls and must be given effect, on the argument that the application of Rule 41.-01(b) to this case would contravene Missouri Constitution Article V, § 5. That constitutional section, which gives the Supreme Court power to establish rules of practice and procedure, limits that power by saying that rules so adopted shall not change substantive rights * * * or the right of appeal." Respondent argues strongly that the permission of third party practice in this case would both change substantive rights and also the right of appeal.

Contrary to that argument, the utilization of third party practice in this case would make no such change, but rather would be purely procedural in nature and effect. This can be demonstrated by the fact that even prior to January 1, 1974, relator could have appealed the magistrate judgment and also at the same time could have filed a new suit against Exchange. In this respect the situation is not unlike *American Life & Accident Ins. Co. v. Morris*, 281 S.W.2d 601 (Mo.App.1955), where an insured brought suit on his insurance policy in a magistrate court. The insured joined the city which was also claiming proceeds of that policy. From a judgment in favor of the policy holder, both the city and the insurer appealed to the Circuit

Court. Then the insurer filed a new interpleader suit in the Circuit Court on the theory that the third party procedure in the magistrate court had been in error and that the third party procedure was not available on the appeal from the magistrate judgment. The St. Louis Court of Appeals held that the insurer's substitute procedure was correct and that the interpleader suit should be permitted.

Somewhat similarly, even before January 1, 1974, relator could have pursued an appeal from the magistrate court and could have concurrently instituted suit against Exchange. The only thing new accomplished by Rule 41.01(b) is that relator is now permitted to pursue these two remedies in a single lawsuit. Certainly no new substantive right has been created, since each of her two rights preexisted the new rule.

Nor can it be said that the new rule changes the right of appeal. Relator's right of appeal from the magistrate judgment stems from § 512.180, which stands unaffected even after January 1, 1974. The new rule only changes the procedures which are available after the appeal has already been taken and perfected.

This situation bears some analogy to *In re Moore*, 282 S.W.2d 856, 860 (Mo.App. 1955). That case involved the requirement for filing bonds on appeals from a magistrate court, which had been changed by Supreme Court Rule 22.13. Under the practice prior to the adoption of that rule, an appellant from a police or magistrate court had to file an appeal bond and then a separate recognizance if there was a change of venue. Rule 22.13 changed this by permitting the appeal bond to serve both purposes. This rule was challenged as being a change in substantive rights and the right of appeal in violation of Constitutional Article V, § 5. This contention was rejected and it was held that only procedural rights were affected:

"Neither the rule itself, nor the reading of the rule into the bond, constitutes a change in the substantive rights of the principal and surety or affects the right

of appeal. Procedural rights only, and not substantive rights, are affected by these rules."

This court is bound by the Supreme Court Rules as well as by the statute, and it is our duty to give effect to the rules if reasonably possible. It is to be noted that in the adoption of these new rules the Supreme Court has declared in Rule 41.02 that "Rules 41 to 101, inclusive, are promulgated pursuant to authority granted this Court by Section 5 of Article V of the Constitution of Missouri * * *." That declaration demands respect. Under the analysis set forth above, the application of third party practice in this case does no more than and does not exceed the purpose so announced by the Supreme Court. Rule 41.01(b) is within the rule making power conferred upon the Supreme Court and has the effect of superseding § 512.280 and the case law decided thereunder.

The alternative writ is made peremptory.

All concur.

PRITCHARD, J., not participating.